UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 6:22-cr-171-WWB-EJK

BILLIE HAROLD MCDUFFIE, JR.

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENSE'S MOTION TO WITHDRAW PLEA

The United States respectfully opposes the Defendant's motion to withdraw his guilty plea. Doc. 113. For the reasons which are set forth below, the Court should deny Defendant's motion.

### FACTUAL SUMMARY

1. On August 5, 2022, a criminal complaint for enticing or inducing a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), was obtained against the Defendant. Doc. 1.

2. On October 6, 2022, the Defendant was arrested and temporarily detained pursuant to the criminal complaint against him. Doc. 7.

3. On October 12, 2022, an indictment was returned in open court charging the Defendant with enticing or inducing a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). Doc. 17.

4. On October 13, 2022, the Defendant had an initial appearance and detention hearing before the Honorable Leslie Hoffman Price, United States Magistrate Judge. The Defendant pled not guilty and was detained pending the resolution of the case.

At the time the Defendant was represented by Assistant Federal Defender, Karla Reyes, Esq. Docs. 21, 22. The case was set for a status conference on November 8, 2022, and the trial term commencing on December 5, 2022. Doc. 23.

5. On November 8, 2022, this case was continued by the Defense. Doc. 33. The case was scheduled for a status hearing on January 10, 2023, and the February trial term. *Id*. The time from November 8, 2022, through February 28, 2023, was determined to be excludable time pursuant to 18 U.S.C. § 3161(h). *Id*. Additionally, on December 8, 2022, the Defense filed a written waiver of speedy trial (waiving the Defendant's right to speedy trial until February 28, 2023) signed by both the Defendant and Ms. Reyes. Doc. 37.

6. On December 21, 2022, Ms. Reyes filed a motion to withdraw and requested the appointment of a Criminal Justice Act (CJA) counsel. Doc. 38. On December 27, 2022, the Honorable Embry J. Kidd, United States Magistrate Judge, granted Ms. Reyes request and appointed, Charles Greene, Esq. Docs. 40, 41, 43.

7. Prior to Ms. Reyes withdrawal from the case there were multiple discussions between the Defense and the United States regarding a plea offer in this case. Those discussions continued with Mr. Greene.

8. On February 5, 2023, the Defense filed an unopposed motion to continue the scheduled status conference and related deadlines in the case. Doc. 50. The following day, the United States and the Defense filed a joint motion to continue and requested that this Court make an end of justice finding through April 30, 2023. Doc. 52.

9. On February 8, 2023, Mr. Greene filed a motion to withdraw as counsel and

requested the appointment of a new CJA counsel for the Defendant as the Defendant did not want to further waive his right to a speedy trial. Doc. 53. On February 17, 2023, Judge Kidd granted Mr. Greene's motion and appointed Corey Cohen, Esq. Docs. 59, 60. Mr. Cohen filed a notice of appearance in this case on the same day. Doc. 61.

10. On March 7, 2023, a status hearing was held. Doc. 63. The Court set the case for a trial date certain on April 5, 2023. *Id.* The Court also imposed a plea deadline of March 21, 2023. *Id.* The United States informed the Court that a superseding indictment would be filed if the Defendant did not plea. *Id.* The undersigned and Mr. Cohen had several conversations regarding a plea. This was the same plea discussed with both Ms. Reyes and Mr. Greene.

11. On March 21, 2023, this case was set for an open plea to the Court on March 29, 2023. Doc. 66. On March 22, 2023, a six count indictment was returned in open court charging the Defendant with one count of enticing or inducing a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b); one count of possession of unauthorized access device making equipment, in violation of 18 U.S.C. § 1029(a)(4); one count of possession of unauthorized access devices, in violation of 18 U.S.C. §§ 1029(a)(3) and (c)(1)(A)(i); and three counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). Doc. 68.

12. On March 24, 2023, the change of plea was rescheduled to March 27, 2023. Doc. 75. On March 27, 2023, the Defendant decided not to enter a guilty plea. Doc. 78. This Court scheduled the case for trial on April 10, 2023. Doc. 79.

13. On April 9, 2023, the Defendant emailed a self-authored motion to dismiss indictment with prejudice based on a violation of the speedy trial act § 3161 directly to the Court. Docs. 94, 103. The Defendant did not include the United States or his appointed counsel on this correspondence.

14. On April 10, 2023, the Court informed the undersigned and Mr. Cohen of the motion to dismiss. T: 3, 22-24.[1] After reading the motion Mr. Cohen informed the Court that he could not in good faith argue the motion. T: 9, 5-6. A *Farreta* hearing was held, and the Court found that the Defendant was competent to represent himself for the evidentiary hearing on his motion to dismiss. T: 24, 9-16. At the conclusion of the evidentiary hearing the Court denied the Defendant's motion. Doc. 99. At this time the Defendant decided to enter a guilty plea to the Court. T:49, 16-17. The Court accepted the Defendant's guilty plea and scheduled this case for sentencing on July 18, 2023. T:70, 10-13.

15. On June 13, 2023, the initial presentence investigation report (PSR) was filed. in this case. Doc. 104. On June 26, 2023, the Defendant provided several objections to the PSR to United States probation and the undersigned via email. On June 27, 2023, the undersigned provided a response to the Defendant's objections via email.

16. On July 6, 2023, the sentencing was rescheduled at the Defense's request.

---

1 The transcript of the evidentiary hearing and plea hearing was certified on June 16, 2023. It is attached as Exhibit 1. References to the transcript are hereinafter referred to as "T: [page number(s), line number(s)]."

4

Doc. 109. The sentencing was rescheduled for September 27, 2023. Doc. 110. The sentencing is currently scheduled for September 25, 2023. Doc. 112.

17. On August 31, 2023, the Defense filed a motion to withdraw plea. Doc. 113.

18. On September 1, 2023, the Court directed the United States to respond to the Defense motion to withdraw plea. Doc. 114.

## MEMORANDUM OF LAW

Since this Court has accepted the Defendant's guilty plea in this case, the Defendant's ability to withdraw his plea is now limited. It is well settled that the remedy of withdrawal of a guilty plea is disfavored by the Eleventh Circuit. United States v. Jefferies, 908 F.2d 1520, 1527 (11th Cir. 1990); see also United States v. Shannahan, 135 F. App'x 253, 256 (11th Cir. 2005); and United States v. Johnson, 132 F.3d 628, 631 (11th Cir. 1998). "[T]he decision to permit the withdrawal of a guilty plea is committed to the sound discretion of the district court." United States v. Siegel, 102 F.3d 477, 480 (11th Cir. 1996). A motion to withdraw a guilty plea should be liberally construed, but there is no absolute right to withdraw a plea. United States v. McCarty, 99 F.3d 383, 385 (11th Cir. 1996); United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). A district court's denial of a motion to withdraw a guilty plea is reversed only when it constitutes an abuse of discretion. Siegel, 102 F.3d at 480; United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006); Medlock, 12 F.3d at 187.

Rule 11(d)(2)(B), Federal Rules of Criminal Procedure[2], provides, in pertinent part, that the Court may permit the withdrawal of a guilty plea made before sentence has been imposed if the defendant shows "a fair and just reason" for requesting the withdrawal. United States v. Hyde, 520 U.S. 670 (1997); United States v. Stitzer, 785 F.2d 1506, 1514 (11th Cir. 1986). In determining whether a defendant has met this burden, the district court may consider the totality of the circumstances surrounding the plea. The decision to allow withdrawal of a guilty plea is left to the discretion of the trial court and may be reversed only if it is arbitrary or unreasonable. United States v. Cesal, 391 F.3d 1172, 1179 (11th Cir. 2004); United States v. Johnson, 89 F.3d 778, 784 (11th Cir. 1996); United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1988). The Defendant has the burden of proving that he is entitled to withdraw his guilty plea. United States v. Izquierdo, 448 F.3d 1269, 1276 (11th Cir. 2006).

In determining if the Defendant has met his burden under Rule 11(d), a district court must consider whether (1) close assistance of counsel was available; (2) the plea was knowing and voluntary; (3) judicial resources would be conserved; and (4) the government would be prejudiced if the defendant were allowed to withdraw his plea. Buckles, 843 F.2d at 472; Cesal, 391 F.3d at 1179; United States v. Freixas, 332 F.3d 1314, 1318 (11th Cir. 2003); United States v. Najjar, 283 F.3d 1306, 1308 (11th Cir. 2002). If the Defendant does not satisfy the first two factors of the Buckles analysis, the court need not "give particular attention" to the remaining two factors.

---

[2] Before the rules were amended in December 2002, Rule 32(e) set forth this language.

United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir. 1987).

When accepting a guilty plea, a district court must confirm that three core concerns of Rule 11 have been satisfied: "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." United States v. Lejarde-Rada, 319 F.3d 1288, 1289 (11th Cir. 2003) (quoting United States v. Mosley, 173 F.3d 1318, 1322 (11th Cir. 1999)). "There is a strong presumption that the statements made during the [plea] colloquy are true." Medlock, 12 F.3d at 187. The Defendant "bears a heavy burden" to show statements made under oath at a plea colloquy were false. United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988). A guilty plea is a "grave and solemn act, which is accepted only with care and discernment." Cesal, 391 F.3d at 1180 (citing United States v. Hyde, 520 U.S. 670, 676-77 (1997)).

## ARGUMENT

I.     *The Close Assistance of Counsel*

It is evident in this case that the Defendant was afforded the close assistance of counsel, not only at the time of his plea, but throughout the entire case. On December 7, 2022, a plea agreement was given to the Defendant's original counsel, Ms. Reyes. T:37, 5-7. *See* Exhibit 2. This same agreement was provided to current counsel, Mr. Cohen. While the Defense asserts in its motion that both counsel and the Defendant thought the Defendant's motion to dismiss was preserved for appeal

7

the plea agreement previously provided explains all of the rights that the Defendant gives up by entering a plea. Those rights do not change simply because the plea is to the Court instead of an agreement with the United States.

The Defendant has been very involved and vocal throughout the proceedings in this case. On the morning of trial when he insisted that he wanted his motion to be heard even after learning he would have to do so pro se. When the Court denied the Defendant's motion he did not mention preserving the issue for an appeal. In fact, the only thing the Defendant insisted on prior to the entry and acceptance of his plea to the Court was that there be an evidentiary hearing on the motion. The Court conducted such hearing despite the pretrial motion filed by the Defendant being untimely.

Additionally, the fact that the Defendant's pro se motion was not preserved for appeal would not lend to current counsel being ineffective as there was no true legal issue in the motion. This is evident from the fact that Mr. Cohen nor his co-counsel, Ms. Ibrahim were willing to adopt the motion filed by the Defendant and argue it before the Court.

> **THE COURT:** So, are you saying you're not willing to adopt it?
>
> **MR. COHEN:** Correct, Judge. I just don't know if I can argue it in good faith after reading it.

T:9, 3 - 6. It was also very clear from the Court's ruling that the Defendant's motion was not legally sound and that his speedy trial rights had not been violated in any way. T:45-48, 1-10. Therefore, even if the Defendant's motion to dismiss was

preserved it would not serve as a valid reason to rule in the Defendant's favor on an appeal in this case. Thus, the Defendant fails to meet this factor.

II.     *The Plea was Knowing and Voluntary*

The Defendant moved to withdraw his guilty plea 142 days after he entered his plea in this case. This was also 78 days after the United States Probation Officer filed its initial Presentence Investigation Report (PSR) and 25 days prior to the scheduled sentencing in this case. The PSR suggested an appropriate total offense level of 36, criminal history category of 3, and a sentencing guidelines imprisonment range from 235 to 293 months followed by a consecutive two years for counts four through six. This is not a situation where the Defendant moved to withdraw his plea of guilty shortly after his entry of the plea.

> "A swift change of heart is itself strong indication that the plea was entered in haste and confusion...."  *This swift change is not present here.*

Gonzalez-Mercado, 808 F.2d at 801 (11th Cir. 1987) (italics added) (citing United States v. Barker, 514 F.2d 208, 222 (D.C.Cir. 1975)). It is ironic that the Defendant wants to withdraw his guilty plea after receiving both the PSR and the United States response to his PSR objections. The Defendant should not be permitted to withdraw his guilty plea based on what he now anticipates his sentence may be. At the plea hearing, he acknowledged that he understood that he would not be permitted to withdraw his guilty plea even if the district court did not give a guidelines sentence. T:62, 1-3.

Throughout the plea colloquy the Defendant asked questions when he did not

9

understand something, he pointed out things he disagreed with that were to be forfeited in the case and issues with the factual basis, not once did he bring up the denial of his motion to dismiss. T:50 - 70. The Defendant confirmed that he was satisfied with his counsel and understood the consequences of his plea. T:61, 22-24. The Defendant affirmed that much under oath and under penalty of perjury. T:50, 1-4. This led the Court to find that the defendant had entered a voluntary and knowing plea. T:69-70.

The fact that the Defendant actually entered a guilty plea also supports that the plea was knowing and voluntary as this case was previously set for a change of plea on March 27, 2023. At that time the Defendant decided to not enter a guilty plea and requested this case remain set for trial. He did this at the surprise of the Court, his counsel, and the United States – this behavior shows that the Defendant entered the current guilty plea because it was truly his desire to do so and that he was well aware of the consequences of doing so. Therefore, the Defendant fails to meet this factor.

III.     *Judicial Resources Would Be Conserved*

This factor along with the fourth factor do not need to be considered by the Court as the Defense has not satisfied the initial two factors. However, assuming *arguendo* that the Court does consider the remaining factors, that is, whether judicial resources would be conserved and whether the government would be prejudiced if the defendant were allowed to withdraw his plea, they also support the plea and the

denial of defendant's motion to withdraw it. Buckles, 843 F.2d at 472; Cesal, 391 F.3d at 1179; Freixas, 332 F.3d at 1318; Najjar, 283 F.3d at 1308. If his plea were allowed to be withdrawn, this Court would have to expend significant resources by summoning and assembling a jury pool of several dozens of citizens and paying their statutorily required expenses again.[3] The Court, its staff, the courtroom security officers, the U.S. Marshals, and the parties would spend a minimum of three days engaged in a trial. The Court's other important business would stand idle during the trial. Hence, judicial resources would not be conserved by permitting the withdrawal of Defendant's plea. To the contrary, even more judicial resources would be expended on a trial. If the Defendant were found guilty (as he has admitted that he is), there would certainly be an appeal to the Eleventh Circuit. If his appeal were unsuccessful (or even if partially successful), the Defendant would likely file the same type of post-conviction litigation that he impliedly threatens if his plea is not withdrawn. Doc. 113. The Defendant's claim on this factor also fails.

IV.    *The Government Would Be Prejudiced*

The **longer** the delay between the entry of the **plea** and the **motion** to **withdraw** it, the more substantial the reasons must be as to why a Defendant seeks **withdrawal**. Buckles, 843 F.2d at 473; Brehm, 442 F.3d at 1298. In Buckles, the Eleventh Circuit noted that the district court was justified in considering "the time,

---

3  It is important to note that the Court assembled and called in a jury pool for this case already. In fact, the jury pool was present in the jury assembly room and ready to be called up to the courtroom when the Defendant decided to enter his guilty plea in this case.

11

money, and effort the government would have to devote to reassembling witnesses and evidence that were allowed to scatter after the acceptance of the guilty plea." Buckles, 843 F.2d at 474. The Defendant entered his guilty plea on April 10, 2023, on the morning of his scheduled trial in this case. Over four months later and after having failed to file objections to the plea, the Defendant filed his motion to withdraw the plea. If he were allowed at this late date to withdraw his plea, the United States would be forced to reassemble its witnesses once again at some significant expense. Two of the witnesses would have to be flown in from Michigan, one from Delaware, and one from Texas. Other witnesses would have to come in from Tampa, Milton, and Sebastian. The other business that these witnesses would otherwise be engaged in would be idle during this time and may suffer. One of the witnesses from Michigan requires a travel companion. When she flew to Orlando for the original trial her car was burglarized while parked at the airport in Michigan, thus she has already experienced more harm during the duration of this case.

    Additionally, the child victim in this case would experience more trauma if the Defendant was allowed to withdraw his plea. It is well known that testifying in a trial causing harm to child sexual abuse victims. The child victim was present on the original trial date ready to testify in this case, however, the Defendant's guilty plea alleviated the child victim from being subject to testifying before a courtroom full of strangers about some of the most intimate moments of her life. Lastly, the United States would have to gather and prepare 51 separate evidence exhibits again if this case were to go to trial. In short, the United States would have to spend significant

time, money and effort repositioning its witnesses and evidence for a trial in this case. Once again, the Defendant's claim on this factor fails as well.

V.     *The Motion is Untimely*

If the Defendant's plea had been taken by a United States Magistrate Judge a Report and Recommendation would have been issued for the district court judge prior to the acceptance of the guilty plea. In that report it would state that the Defendant waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district court judge if the Defendant didn't object to the finding or conclusion within fourteen days of the Report and Recommendation. While there is no such report in this case because the plea was conducted in front of the District Court the standard language from such report shows how untimely the Defendant's motion is. It is very likely that the Defendant is well aware of such language as he mentioned a requirement to object within fourteen days to a court's order and the local rules in his argument during the evidentiary hearing on his motion to dismiss. T:41, 13-17.[4] As detailed above the Defendant waited 142 days after entry of his plea to file a motion to withdraw his guilty plea. In addition to failing to meet the four factors required to withdraw a plea the Defendant's motion is untimely and should be denied.

---

4 The Defendant cited the incorrect rule during his argument. However, that does not negate that he was aware of the local rules and their time requirements.

## **CONCLUSION**

The Defendant cannot and has not carried his burden of establishing "a fair and just reason" for the withdrawal of his guilty plea. To the contrary, his own sworn statements from his plea colloquy clearly establish that he entered his plea knowingly and voluntarily and with the close assistance of counsel. Indeed, the Court expressly found that defendant's decision to plead guilty was freely, voluntarily, knowingly, and intelligently and that the Defendant waived his rights by entering the plea. T:70, 1-2. All of the Defendant's behavior during the proceedings in this case has been calculated and with knowledge further showing that he knew the consequences of his guilty plea. The Defendant has failed to satisfy the four factors required to withdraw his guilty with this untimely motion to withdraw. The Defendant should not be permitted to subvert the judicial process in this case through the filing of a motion to withdraw plea at this late date.

WHEREFORE, the United States respectfully requests that this Court deny the Defendant's motion to withdraw his guilty plea in this case.

>Respectfully submitted,
>
>ROGER B. HANDBERG
>United States Attorney
>
>By: /s/ *Courtney D. Richardson-Jones*
>Courtney D. Richardson-Jones
>Assistant United States Attorney
>Florida Bar No.: 91608
>400 W. Washington Street, Suite 3100
>Orlando, Florida 32801
>Telephone:  (407) 648-7500
>Facsimile:  (407) 648-7643
>E-mail: courtney.richardson-jones@usdoj.gov

U.S. v. McDuffie, Jr.                  Case No. 6:22-cr-171-WWB-EJK

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Corey Cohen, Esq.
    Attorney for Defendant

    */s/ Courtney D. Richardson-Jones*
    Courtney D. Richardson-Jones
    Assistant United States Attorney
    Florida Bar No.: 91608
    400 W. Washington Street, Suite 3100
    Orlando, Florida 32801
    Telephone:  (407) 648-7500
    Facsimile:  (407) 648-7643
    E-mail: courtney.richardson-jones@usdoj.gov