# EXHIBIT 2



2110  First Street, Suite 3-137
Fort Myers, Florida 33901
239/461-2200
239/461-2219 (Fax)

300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
904/301-6300
904/301-6310 (Fax)

35 SE 1st Avenue, Suite 300
Ocala, Florida 34471
352/547-3600
352/547-3623 (Fax)

**U.S. Department of Justice**
*United States Attorney*
*Middle District of Florida*
———————
**Main Office**
**400 North Tampa Street, Suite 3200**
**Tampa, Florida 33602**
**813/274-6000**
**813/274-6358 (Fax)**

400 West Washington Street, Suite 3100
Orlando, Florida 32801
407/648-7500
407/648-7643 (Fax)

---

Reply to: Orlando, FL                                                                IRM/af

November 29, 2022

Karla M. Reyes
Assistant Federal Defender
201 S. Orange Avenue, Suite 300
Orlando, Florida  32801

Re:  United States v. BILLIE HAROLD MCDUFFIE, JR.

Dear Ms. Reyes:

Enclosed are the following documents:

1. Information;
2. Plea Agreement;
3. Waiver of Indictment;
4. Financial Disclosure Statement;
5. Individual Declaration as to Payment of Special Assessment Upon Conviction; and,
6. Acknowledgment of Plea Offer.

Please review this agreement with your client.  **Please do not alter in any manner the terms, facts or provisions of this agreement without prior approval from me.**

If the plea agreement is acceptable to both you and your client, please return all the foregoing documents to me fully executed no later than December 9, 2022.

If your client does not want to execute the plea agreement, please have him sign the "Acknowledgment of Plea Offer" form and return it to me.

To be effective and capable of being accepted, plea offers from the United States must be in writing and contain all terms of the offer in a proposed written plea

**Karla M. Reyes**
**Assistant Federal Defender**
November 28, 2022
Page 2

agreement.  Oral communications regarding a potential plea are merely preliminary plea discussions and do not constitute a formal plea offer from the United States.

Thank you for your prompt assistance in connection with this matter.  If you wish to discuss any of these matters further, you may contact me at 407-648-7500.

Sincerely,

ROGER B. HANDBERG
United States Attorney

By:   _/s/ Ilianys Rivera Miranda_
Ilianys Rivera Miranda
Assistant United States Attorney

Enclosures

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

      v.                   CASE NO.  6:22-cr-

                                      18 U.S.C. § 2422(b)

BILLIE HAROLD MCDUFFIE JR.         18 U.S.C. § 1029(a)(3)

**INFORMATION**

The United States Attorney charges:

**COUNT ONE**

From on or about February 6, 2022, through on or about July 22, 2022, in the Middle District of Florida, and elsewhere, the defendant,

BILLIE HAROLD MCDUFFIE JR.,

using a facility and means of interstate commerce, did knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, to engage in sexual activity for which any person could be charged with a criminal offense, specifically: lewd or lascivious battery (engage in sexual activity with a person 12 years of age or older but less than 16 years of age), in violation of Florida statute § 800.04(4)(a)(1) & (2), and sexual activity by a person 24 years of age or older with a person 16 or 17 years of age, in violation of Florida statute §794.05(1).

In violation of 18 U.S.C. § 2422(b).

**COUNT TWO**

On or about July 22, 2022, in the Middle District of Florida, the defendant,

BILLIE HAROLD MCDUFFIE, JR.,

did knowingly and with intent to defraud possess 15 or more counterfeit and unauthorized access devices, as defined in 18 U.S.C. § 1029(e), that is, credit card account numbers, and the offense affected interstate commerce.

In violation of 18 U.S.C. § 1029(a)(3) and (c)(1)(A)(i).

## FORFEITURE

1.    The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. § 2428, 18 U.S.C. §§ 982(a)(2)(B), and 1029(c)(1)(C).

2.    Upon conviction of a violation of 18 U.S.C. § 2422(b), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2428:

a.    any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation; and

b.    any property, real or personal, constituting or derived from any proceeds that such person obtained, directly or indirectly, as a result of such violation.

3.    The property to be forfeited includes, but is not limited to, the following: an iPhone.

4.    Upon conviction of a violation of 18 U.S.C. § 1029, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such violation, and pursuant to 18 U.S.C. § 1029(c)(1)(C), any personal property used or intended to be used to commit the offense.  The property to be

2

forfeited includes, but is not limited to, two card encoding devices, Lenovo laptop, and an iPhone.

5.  If any of the property described above, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third person;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21

U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), 18 U.S.C. §§ 982(b)(1) and

1029(c)(2).

ROGER B. HANDBERG
United States Attorney

By:    _____
       Ilianys Rivera Miranda
       Assistant United States Attorney


By:    _____
       Sara C. Sweeney
       Assistant United States Attorney
       First Assistant United States Attorney

4

AF Approval __NA___                              Chief Approval _SS___

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA

     v.                              CASE NO. 6:22-cr-

BILLIE HAROLD MCDUFFIE, JR.

## **PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the defendant, BILLIE HAROLD MCDUFFIE, JR., and the attorney for the defendant, Karla M. Reyes, mutually agree as follows:

**A.**    **Particularized Terms**

    1.    Counts Pleading To

       The defendant shall enter a plea of guilty to Counts One and Two of the Information. Count One charges the defendant with enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. 2422(b). Count Two charges the defendant with access device fraud, in violation of 18 U.S.C. 1029(a)(3).

    2.    Minimum and Maximum Penalties

       Count One is punishable by a mandatory minimum term of imprisonment of 10 years up to life, a fine of not more than $250,000, a term of supervised release of at least three years up to life, a special assessment of $100 per felony count for individuals, and $400 per felony count for persons other than individuals, such as corporations, and an additional special assessment of $5,000 if the

Defendant's Initials _____

defendant is not indigent.  With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

3.    <u>Maximum Penalties</u>

Count Two carries a maximum sentence of 10 years' imprisonment, a fine of not more than $250,000, a term of supervised release of not more than 3 years, and a special assessment of $100 per felony count.  With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

Defendant's Initials _____                2

4.      Elements of the Offenses

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty.

The elements of Count One are:

First:        The defendant knowingly persuaded, induced, enticed, or coerced the individual named in the information to engage in sexual activity, as charged;

Second:      The defendant used the cellphone to do so;

Third:       When the defendant did these acts, the individual named in the information was less than 18 years old; and

Fourth:      One or more of the individual(s) engaging in the sexual activity could have been charged with a criminal offense under the law of Florida.

The elements of Count Two are:

First:        The defendant knowingly possessed 15 or more access devices;

Second:      Those access devices were counterfeit or unauthorized;

Third:       The defendant possessed those devices with the intent to defraud; and

Fourth:      The defendant's conduct affected interstate or foreign commerce.

5.      Indictment Waiver

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

Defendant's Initials _____                3

6.      Counts Dismissed

At the time of sentencing, the government agrees to dismiss the Indictment at Case No. 6:22-cr-171-WWB-EJK.

7.      No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

8.      Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. § 3663A(a) and (b), defendant agrees to make full restitution to the victims of the offenses.

9.      Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement.  The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

Defendant's Initials _____                4

10.    <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).   The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this plea agreement, including, but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level.   The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

11.    <u>Cooperation - Substantial Assistance to be Considered</u>

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution

for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

Defendant's Initials _____              6

12.     <u>Use of Information - Section 1B1.8</u>

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

13.     <u>Cooperation - Responsibilities of Parties</u>

a.     The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime.  However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.     It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)     The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

Defendant's Initials _____          7

(2)     The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement.  With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

Defendant's Initials _____                    8

(4)    The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)    The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

14.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. 2428, and 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C), whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to, the following: an iPhone, a Lenovo laptop computer, and two card encoding devices, which assets were used in furtherance of the commission of the offenses.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action.  The defendant also agrees to waive all constitutional, statutory and procedural challenges

Defendant's Initials _____                    9

(including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Fed. R. Crim. P. 11 and USSG §1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In

addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this plea agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The defendant expressly consents to the forfeiture of any substitute assets sought by the government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Defendant's Initials _____          11

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the plea agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

15. <u>Sex Offender Registration and Notification</u>

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions:  the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school.  Registration will require that the defendant provide information that includes name, residence address, and the

names and addresses of any places at which the defendant is or will be an employee or a student.   The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.   The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.**   **Standard Terms and Conditions**

1.   Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.   The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013.  The special assessment is due on the date of sentencing.  The defendant understands that this agreement imposes no limitation as to fine.

2.     Supervised Release

The defendant understands that the offenses to which the defendant is pleading provide for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.     Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.     Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the counts to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Defendant's Initials _____                    14

5.   <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition.   The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party.   The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this plea agreement, consents to the release of the defendant's tax returns for the previous five years.   The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.   The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.   <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States

Defendant's Initials _____            16

Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.      <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.      <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.     <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of

Defendant's Initials _____                17

any kind.   The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).   The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.   The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.   The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.   <u>Factual Basis</u>

Defendant's Initials _____            18

Defendant is pleading guilty because defendant is in fact guilty.  The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.    <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.   <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _____ day of _____, 2022.

ROGER B. HANDBERG
United States Attorney

_____        _____
BILLIE HAROLD MCDUFFIE, JR.             Ilianys Rivera Miranda
Defendant                               Assistant United States Attorney


_____        _____
Karla M. Reyes                          Sara C. Sweeney
Attorney for Defendant                  Assistant United States Attorney
                                        First Assistant United States Attorney

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                            CASE NO. 6:22-cr-

BILLIE HAROLD MCDUFFIE, JR.

<u>PERSONALIZATION OF ELEMENTS</u>

Count One, enticement of a minor to engage in sexual activity, 18 U.S.C. §

2422(b):

1.   Did you knowingly persuade, induce, entice, or coerce the individual named in the information to engage in sexual activity, as charged?

2.   Did you use the cellphone to do so?

3.   When you did these acts, was the individual named in the information less than 18 years old?

4.   As a matter of Florida law, it is a crime to engage in sexual activity with a person 12 years of age or older but less than 16 years of age, in violation of Florida statute § 800.04(4)(a)(1) & (2), and sexual activity by a person 24 years of age or older with a person 16 or 17 years of age, in violation of Florida statute § 794.05(1).  Based on that law, could one or more of the individual(s) engaging in the sexual activity have been charged with a criminal offense under the law of Florida?

Defendant's Initials _____            21

Count Two, access device fraud, in violation of 18 U.S.C. § 1029(a)(3):

    1.    Did you knowingly possess 15 or more access devices?

    2.    Were those access devices counterfeit or unauthorized?

    3.    Did you possess those devices with the intent to defraud?

    4.    Did your conduct affect interstate or foreign commerce?

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 6:22-cr-

BILLIE HAROLD MCDUFFIE, JR.

FACTUAL BASIS

On July 19, 2022, the FBI received an online tip in reference to a male later identified as BILLIE HAROLD MCDUFFIE, JR. (MCDUFFIE), who resided in Winter Haven, Florida. The online tip alleged that in February 2022, a child victim (CV – known to law enforcement as B.W.) met MCDUFFIE while running away. MCDUFFIE carried on a sexual relationship with the CV for several months.  The tip also stated that MCDUFFIE was involved in various fraudulent activities, to include check and credit card fraud.  The FBI contacted the CV and arranged to have the CV forensically interviewed.

**FORENSIC INTERVIEW OF THE CV**

On July 20, 2022, the CV was forensically interviewed, and during the interview the CV stated she ran away in February 2022.  The CV signed up for an account on a dating telephone application.  While on the application, the CV met MCDUFFIE. MCDUFFIE met the CV at an unknown location between Lake Alfred and Winter Haven, Florida just off highway 17. At approximately 3:00 a.m., MCDUFFIE picked the CV up in his vehicle and brought the CV to his residence in Winter Haven, Florida, which is in the Middle District of Florida.

Defendant's Initials _____              23

Initially, the CV told MCDUFFIE she was 18 when they met. Approximately one week into their relationship, MCDUFFIE engaged the CV in oral sex and sexual intercourse. Approximately two weeks later, MCDUFFIE told the CV she needed to get an identification card or social security card so she could work. The CV got nervous and disclosed to MCDUFFIE that she was only 15 years old. At first, MCDUFFIE was irritated with the CV. However, after several days, things went back to normal. Despite knowing the CV's age, MCDUFFIE continued to engage in sexual acts with the CV. The CV stated she was still in contact with MCDUFFIE through the Snapchat Application and a voice over internet protocol (VOIP) number. The CV reported she last had sexual intercourse with MCDUFFIE approximately four days prior to the July 20, 2022, interview. The CV also indicated that MCDUFFIE was involved in making false checks and credit cards.

### SEARCH WARRANT OF BILLIE MCDUFFIE'S RESIDENCE

On July 21, 2022, SA Kaufman swore out a federal search warrant in the Middle District of Florida to search MCDUFFIE'S residence in Winter Haven, Florida, for evidence of 18 U.S.C. §§ 2422(b) and 471 violations.

On July 22, 2022, at approximately 8:45 a.m., the FBI and Polk County Sheriff Office (PCSO) knocked on the door of MCDUFFIE'S residence and he answered. MCDUFFIE was requested to step out of the residence and was asked who was inside the residence. MCDUFFIE informed the agents that the CV was inside the residence. SA Rodney Hyre and SA Kaufman entered the residence and called out to the CV who was in the back of the residence laying in a bed. At first, the CV did not comply

Defendant's Initials _____          24

with SA Kaufman's commands to exit the bedroom, however, the CV exited the residence dressed in her underwear and shirt.  Upon securing the residence, the search warrant was executed.  Both MCDUFFIE and the CV were interviewed as the search warrant was conducted.

## INTERVIEW OF BILLIE MCDUFFIE, JR.

During the search of the residence, MCDUFFIE was interviewed – the interview was recorded.  Initially MCDUFFIE made statements without being advised of his "*Miranda* Rights" as the interview was non-custodial and MCDUFFIE had been advised he was free to leave and not answer any questions.   Subsequently, MCDUFFIE was advised of his "*Miranda* Rights" – he reiterated his pre-*Miranda* statements.   MCDUFFIE stated he met the CV on a phone-based application. MCDUFFIE picked up the CV just minutes away from his residence in Winter Haven, Florida.  The CV came back to the residence and stayed with MCDUFFIE for a couple of weeks.  MCDUFFIE stated that the CV had no place to live and nothing to eat. MCDUFFIE admitted to engaging in sex with the CV.

According to MCDUFFIE, at first, the CV led MCDUFFIE to believe she was 19.  As the relationship continued MCDUFFIE told the CV she needed to get her life together and get a job.  At this time the CV told MCDUFFIE that she was only 15 years old.  MCDUFFIE acknowledged he continued to carry on a sexual relationship with the CV after he learned about her age.

During the search warrant, SA Kaufman located a text message exchange in the CV's phone between MCDUFFIE and the CV.  The text message was from the night

Defendant's Initials _____          25

before in which MCDUFFIE, through the use of his cellphone, told the CV to pick up condoms because MCDUFFIE did not know whether the victim had been sexually active with others prior to meeting with him. During the interview MCDUFFIE explained that when he sent this message to the CV, he intended on having sexual intercourse with the CV.

After the text message exchange, the CV came to MCDUFFIE'S residence. MCDUFFIE had sexual intercourse with the CV and ejaculated inside of the CV. MCDUFFIE acknowledged that the relationship between the CV and him was illegal. MCDUFFIE could not explain why he continued the relationship with the CV after discovering her age.

## FORENSIC EXTRACTION OF BILLIE MCDUFFIE'S IPHONE

During the execution of the search warrant of MCDUFFIE'S residence the FBI located several items, to include MCDUFFIE'S iPhone with the assigned telephone number (xxx) xxx-4416 and the CV's smartphone. Both phones were seized and were taken to the Seminole County Sheriff's Office to be forensically examined. Both phones were examined pursuant to search warrants and copies of the extraction report were provided to the FBI.

On July 26, 2022, SA Kaufman reviewed the extraction report of MCDUFFIE'S iPhone. During the review, he located several text messages between the CV and MCDUFFIE. The text messages started on February 6, 2022 and concluded on July 22, 2022. Based on this review, SA Kaufman was able to further

corroborate how MCDUFFIE used his cellphone to persuade, entice, and indue the CV to continue a sexual relationship with him.

The text messages show the following.  On March 21, 2022, just a month after MCDUFFIE met the CV, the CV revealed her real age.  In a chat located on MCDUFFIE'S phone the CV wrote, "I am underage".  MCDUFFIE responded, "How bad" and the CV replied, "2 years off…I was hoping to tell u on my 18th birthday but ur really pushing it…I won't tell anyone if u won't, just saying.".  MCDUFFIE than questioned the CV asking the CV if she was 16.  The CV responded, "In April".  MCDUFFIE replied, "[CV's nickname] u 15".  MCDUFFIE then told the CV "I could get in trouble if u got caught with me".  MCDUFFIE told the CV that he was scared and stated, "I've been cumming in u".

Despite knowing the CV's age, MCDUFFIE continued to engage sexually with the CV.  The CV asked MCDUFFIE, "You still love me".  MCDUFFIE responded "Duh…I'm mad…But it don't change my feelings".  MCDUFFIE and the CV continued to engage in daily conversations as if they were in a romantic relationship.

Although MCDUFFIE was aware of the CV's true age, he constantly told the CV via text messages that he loved her.  Several text messages show how MCDUFFIE used his cellphone to discuss sexual activity with the minor and to lure the minor to meet with him to engage her in sexual activity.  On April 28, 2022, MCDUFFIE asked, "Can I get some head when I get home".  The CV responded, "Dug…U don't have to ask dummy…Duh*…Unless I already had someone else lol then consider it amputated when u get back…U*".  On May 3, 2022, the CV asked MCDUFFIE can

we smash…"  Previously the CV had explained she used the term "smash" to indicate sexual intercourse.  The CV explained to MCDUFFIE that she had not engaged in sexual intercourse in a week.  The next day, the CV sent MCDUFFIE a message, "U broke my pussy asshole".  MCDUFFIE responded by sending the CV an emoji with a grin.

On May 6, 2022, the CV told MCDUFFIE that she had turned herself in to the police and was at her mother's residence, which is in Osceola County, within the Middle District of Florida.  The CV told MCDUFFIE that she planned on returning to MCDUFFIE when the CV turned 18.  MCDUFFIE told the CV that he missed the CV and was sad that the CV left.  MCDUFFIE told the CV that the CV should have told MCDUFFIE that she was leaving so MCDUFFIE could have done something nice for the CV prior to her departure.  MCDUFFIE told the CV, "But nobody gets me like u…My heart will always be there for u".  The CV then told MCDUFFIE "I'm gonna miss timmy omfg" and MCDUFFIE replied, "The Uber".  Based on a review of the chats, law enforcement learned that the CV refers to MCDUFFIE'S penis as "Timmy" and MCDUFFIE identifies the CV's vagina as "Uber".

Although the CV returned home, MCDUFFIE continued to communicate with the CV over the cellphone to arrange sexual encounters with CV.  On May 11, 2022, MCDUFFIE and the CV texted about MCDUFFIE coming to the CV's residence to engage in sexual acts.  In particular, on May 11, 2022, while MCDUFFIE was driving to the CV's residence, the CV asked MCDUFFIE to get her a "slushy".  MCDUFFIE told the CV, "no", and the CV responded, "lg I'll suck on smth else".  The next day,

Defendant's Initials _____          28

on May 12, 2022, MCDUFFIE asked the CV "Did u shower already".  The CV informed MCDUFFIE that she had not showered and asked MCDUFFIE why he asked that.  MCDUFFIE replied, "Just kno u got nut in u," meaning that the CV had semen inside her vagina.

MCDUFFIE and the CV continued to arrange sexual encounters via the cellphone and the snapchat application.  MCDUFFIE and the CV often fought.  In July 2022, the CV threatened to turn MCDUFFIE into law enforcement after MCDUFFIE was trying to get naked pictures from her 17-year-old friend through Snapchat on his cellphone.  MCDUFFIE responded in a conversation that occurred on July 19, 2022.  MCDUFFIE sent the CV the following message, "U was a stinking street walker when I found u At 2 in the morning and u lied about ur age…But do what ever u gotta to do as long as I never have to see ur face again".  Thereafter, CV contacted law enforcement and was forensically interviewed by the FBI.

On July 21, 2022, the night before the FBI executed the search warrant, MCDUFFIE and the CV engaged in the following conversation:  The CV told MCDUFFIE that she was on the way to his house and sent a picture of a map showing she was in Tampa, Florida.  MCDUFFIE asked the CV why she was in Tampa, Florida and then instructed the CV "Stop and get some condoms".  The CV replied, "K", and MCDUFFIE further instructed the CV to buy Magnums, ultra-thin, which is a condom brand.  The CV then asked MCDUFFIE why he needed condoms and MCDUFFIE implied that he did not know who the CV had been sexually active with.  MCDUFFIE then asked how far the CV was away from his residence and the CV

Defendant's Initials _____          29

responded, "Almost 100 miles".  Both MCDUFFIE and the CV confirmed they engaged in sexual activity when the CV arrived at his residence.

As a matter of Florida law, it is a crime to engage in sexual activity with a person 12 years of age or older but less than 16 years of age, in violation of Florida statute § 800.04(4)(a)(1) & (2), and sexual activity by a person 24 years of age or older with a person 16 or 17 years of age, in violation of Florida statute §794.05(1).

## EVIDENCE OF POSSESSION OF  COUNTERFEIT OR UNAUTHORIZED ACCESS DEVICES

On or about July 22, 2022, in the Middle District of Florida, the defendant, did knowingly and with intent to defraud possess fifteen or more counterfeit or unauthorized access devices, as defined in 18 U.S.C. § 1029(e), that is, credit card account numbers, and the offense affected interstate commerce.

On July 22, 2022, when the FBI executed a search warrant at MCDUFFIE'S residence in Winter Haven, FL, they found two fraudulent identification cards with MCDUFFIE'S picture, a credit card encoding device, approximately thirty nine fraudulent credit cards, two HP Desktop computers connected to an HP laser jet printer and an HP Office Jet Pro printer, an HP laptop with one Scan Disk flash drive attached, one Lenovo laptop computer, one iPhone, blank check paper, and personal identification information of multiple individuals. In a bookcase inside the residence's living room special agents located a packet that contained social security numbers, birth dates, copies of driver's licenses, and other PII information of five different individuals that did not reside in the premises.



One card encoding device found in MCDUFFIE'S residence with blank cards

Most of the credit cards found in MCDUFFIE'S residence and vehicle were in the name of "Travis Mcnair." When the fraudulent credit cards were scanned it was found that the numbers on the front of the card, did not match the real account numbers. Fifteen or more of the cards scanned matched accounts of real account holders. Some of those account holders reside out of the state of Florida and none of them authorized the defendant to have access to their credit card numbers. Additionally, some of the financial institutions holding those accounts are headquartered outside the state of Florida.

Agents found a card encoding device and multiple fraudulent credit cards inside MCDUFFIE'S BMW 528i.

Defendant's Initials _____          31



Portable card encoding device found in the center console of the vehicle

Upon review of MCDUFFIE'S phone, agents found chats he had with multiple individuals on the Telegram chat platform. During the chats MCDUFFIE talked with other users about how to obtain fraudulent credit cards, gain access to banking accounts, apply for unemployment, make fraudulent credit cards, and other means of fraudulently obtaining access to or opening accounts to deposit proceeds of fraudulent activity.

MCDUFFIE admitted to law enforcement officers that he purchased credit card numbers from individuals via the "darknet," followed by the purchase of credit cards from other users on the "darknet."

Based on the investigation, it was determined that MCDUFFIE used his iPhone, a Lenovo computer, and two card encoding devices in connection with the offense charged in Count Two.  As such, those items are subject to forfeiture.

# UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA      **WAIVER OF INDICTMENT**

v.      Criminal No.

BILLIE HAROLD MCDUFFIE, JR.

         I, BILLIE HAROLD MCDUFFIE, JR., the above named defendant, who is accused of distribution of enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. 2422(b). Count Two charges the defendant with access device fraud, in violation of 18 U.S.C. 1029(a)(3), being advised of the nature of the charges, the proposed Information, and of my rights, hereby waive prosecution by Indictment and consent that the proceeding may be by Information rather than by Indictment.   Pursuant to Fed. R. Crim. P. 7(b), I will confirm this waiver in open court at arraignment or other hearing.


_____
BILLIE HAROLD MCDUFFIE, JR.
Defendant


_____
Karla M. Reyes
Counsel for Defendant


Before _____
                 Judicial Officer

# FINANCIAL DISCLOSURE STATEMENT

A. <u>INSTRUCTIONS – READ CAREFULLY</u>

The information requested in the following form is to be submitted concerning a current case in connection with an asset investigation. The purpose of this form is to determine what assets you have or control. If you are married or have a live-in companion, you must list assets held by your spouse or live-in companion, as well as yourself, and show whether each asset is owned individually or jointly. By completing and signing this financial disclosure statement, you acknowledge that the information provided will affect action by the United States Department of Justice and further understand that any false answers can lead to the termination or nullification of any plea agreement ultimately reached and/or prosecution for false statements as provided under Title 18, United States Code, Section 1001 (maximum prison sentence of five (5) years and/or a fine of not more than $250,000).

You must complete each section of this form. Answer every question. If the answer is "no" you must check the box that states "no." If the answer is "yes" you must check that box that states "yes" and provide the requisite details below. Do not leave any question unanswered. Be as complete and accurate as possible. If there is insufficient space on the form, please attach additional sheets as necessary, and date and initial each additional page.

B. <u>ACKNOWLEDGMENT</u>

I _____ am _____ am not (check one) represented by counsel in the collection of this debt. If I am represented by retained or appointed counsel, I acknowledge having reviewed the foregoing instructions with my counsel. My counsel's name is _____.


Date: _____          Name: _____

                                         Last              First            Middle


                                         _____
                                         Signature

Authority for the solicitation of the requested information includes one or more of the following: 5 U.S.C. § 301, 901 (*see* Note, Executive Order 6166, June 10, 1933); 28 U.S.C. § 501–530A; 28 U.S.C. § 1651, 3201–3206; 31 U.S.C. § 3701–3731; 44 U.S.C. § 3101; 4 C.F.R. § 101–101.8; 28 C.F.R. § 0.160, 0.171 and Appendix to Subpart Y; 18 U.S.C. § 3664(d)(3).

The principal purpose for gathering this information is to evaluate your ability to pay the government's claim or judgment against you. Routine uses of the information are established in the following U.S. Department of Justice Case File Systems published in Vol. 42 of the Federal Register, Justice/CIV-001 at page 5332; Justice/TAX-001 at page 15347; Justice/USA-005 at pages 53406-53407; Justice/USA-007 at pages 53408-53410; Justice/CRIM-016 at pages 12774. Disclosure of the information is voluntary. If the requested information is not furnished, the United States may seek disclosure through other means.

## Part A: Identify Yourself

| Full Name | | List all other names you have used | |
|---|---|---|---|
| Date of Birth | | | |
| SSN | | | |
| Cell Phone | ( ) | Email | |

| **1.  Housing Information:** ☐ Own/Mortgage    ☐ Rent    ☐ Live with Others | | | |
|---|---|---|---|
| Current Address | | Landlord Name | |
| | | Landlord Address | |
| Home Phone | ( ) | | |
| Previous Address | | Landlord Telephone | ( ) |
| | | List utilities included in rent | |

| **2.  Are you currently employed?** ☐ Yes: ☐ Full-time or ☐ Part-time    ☐ No | | | |
|---|---|---|---|
| Current Occupation | | | Gross Annual Salary: $ |
| Current Employer | Hire Date: | | - or - <br> Hourly Wage: $ <br> Average hours per week: |
| | Company: | | |
| | Address: | | Pay Period: <br> ☐ Weekly <br> ☐ Bi-Weekly <br> ☐ Monthly |
| | | | |
| Previous Occupation | | | Gross Annual Salary: $ |
| Previous Employer | Employment Dates:            to | | - or - <br> Hourly Wage: $ <br> Average hours per week: |
| | Company: | | |
| | Address: | | |
| | | | |

| **3.  Have you served in the U.S. Armed Forces?** ☐ Yes    ☐ No |
|---|

**4.   Are you a sole proprietor of any full-time or part-time businesses?  ☐ Yes   ☐ No**

| Business Name | | Nature of Business | |
|---|---|---|---|
| Address | | How are you paid?<br>☐ Salary: $                            ☐ Draw   ☐ Combination | |
| | | Do you use payment apps?<br>☐ Apple Pay   ☐ Zelle   ☐ PayPal   ☐ Other: | |

**5.   Do you own or operate any corporations, partnerships, or LLCs?  ☐ Yes   ☐ No**

| Business Name | | Employer Identification Number (EIN) | |
|---|---|---|---|
| Trade Name (DBA) | | Are the business's federal taxes current?  ☐ Yes   ☐ No | |
| Address | | What is your ownership interest? | |
| | | Do you use payment apps?<br>☐ Apple Pay   ☐ Zelle   ☐ PayPal   ☐ Other: | |
| How are you paid?<br>☐ Salary: $                            ☐ Draw   ☐ Combination | | Dividend Payments & Frequency | |

**6.   Do you receive any other income from any other business (e.g. shareholder)?  ☐ Yes   ☐ No**

Explain:

**7.   Are your federal taxes current?  ☐ Yes   ☐ No**

**8.   Did you file a federal income tax return last year?**
**☐ Yes:  ☐ Single  ☐ Married, filed Jointly  ☐ Married, filed Separately  ☐ Head of Household   ☐ No**

**9.   Marital Status:  ☐ Married (provide details below)   ☐ Unmarried (single, divorced, widowed)**

| Date of Marriage | | Spouse's Occupation | |
|---|---|---|---|
| Spouse's Full Name | | Company | |
| Spouse's Date of Birth | | Work Address | |
| Spouse's Cell Phone | (          ) | | |

**10.  Do you have any dependent children under the age of 18?  ☐ Yes   ☐ No**

| Name | Date of Birth | Does the child primarily reside with you? | Dependent's Monthly Income (e.g. child support, gov't assistance) | List any child support in arrears |
|---|---|---|---|---|
| | | ☐ Yes  ☐ No | $ | $ |
| | | ☐ Yes  ☐ No | $ | $ |
| | | ☐ Yes  ☐ No | $ | $ |

## Part B: Assets & Liabilities

| 11.  Identify total amount of cash on hand. | $ |
|---|---|

**12.  Identify all domestic bank accounts that you have signatory authority.**

| | Financial Institution | Name(s) on Account | Account No. | Current Balance |
|---|---|---|---|---|
| Checking Account | | | | $ |
| Savings Account | | | | $ |
| Other: | | | | $ |
| Other: | | | | $ |
| Other: | | | | $ |

**13.  Do you or your spouse have any foreign bank accounts?  ☐ Yes   ☐ No**

| Country | Financial Institution | Name(s) on Account | Account No. | Current Balance |
|---|---|---|---|---|
| | | | | $ |
| | | | | $ |

**14.  Do you or your spouse maintain a safe deposit box?  ☐ Yes   ☐ No**

| Name(s) on Account | Financial Institution | Address | Box No. | Contents |
|---|---|---|---|---|
| | | | | |

**15.  Do you or your spouse own any securities (e.g. bonds, stocks, mutual funds)?  ☐ Yes   ☐ No**

| Name(s) on Account | Company | No. of Units/Shares | Current Unit/Stock Price | Current Value |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

**16.  Do you or your spouse own any cryptocurrency (e.g. Bitcoin, Ethereum, Ripple)?  ☐ Yes   ☐ No**

| Public Key | Private Key | Company | Units | Current Value |
|---|---|---|---|---|
| | | | | $ |
| | | | | $ |

**17.  Do you or your spouse own any U.S. savings bonds?  ☐ Yes   ☐ No**

| Type of Bond (Series EE or Series I) | Name(s) on Bond | Date Purchased | Current Value |
|---|---|---|---|
|  |  |  | $ |

**18.  Do you or your spouse have any retirement accounts (e.g. IRA, 401(k), pension plans) or 529 plans?  ☐ Yes   ☐ No**

| Name(s) on Account | Company | Account Type | Account No. | Current Balance |
|---|---|---|---|---|
|  |  |  |  | $ |
|  |  |  |  | $ |
|  |  |  |  | $ |

**19.  Do you or your spouse have any life insurance policies?  ☐ Yes   ☐ No**

| Name(s) on Account | Company | Policy No. | Face Amount | Cash Surrender Value |
|---|---|---|---|---|
|  |  |  | $ | $ |
|  |  |  | $ | $ |
|  |  |  | $ | $ |

**20.  Are you or your spouse a judgment creditor?  ☐ Yes   ☐ No**

| Name of Person/Entity | Address | Case Information | Judgment Amount | Balance Owed |
|---|---|---|---|---|
|  |  | Court:<br><br>Case No.: | $ | $ |

**21.  Are you or your spouse a judgment debtor or currently party to any pending lawsuit?  ☐ Yes   ☐ No**

| Name of Person/Entity | Address | Case Information | Judgment Amount | Balance Owed |
|---|---|---|---|---|
|  |  | Court:<br><br>Case No.: | $ | $ |

**22.  Does any person or entity owe you or your spouse money (notwithstanding Q.18)?  ☐ Yes   ☐ No**

| Name of Person/Entity | Address | Type of Loan | Identify Collateral | Loan Amount | Balance Owed |
|---|---|---|---|---|---|
|  |  | ☐ unsecured<br>☐ secured |  | $ | $ |
|  |  | ☐ unsecured<br>☐ secured |  | $ | $ |

**23.  Do you or your spouse owe any person or entity money (notwithstanding Q.19)?**  ☐ Yes   ☐ No

| Name of Person/Entity | Address | Type of Loan | Identify Collateral | Loan Amount | Balance Owed |
|---|---|---|---|---|---|
| | | ☐ unsecured<br>☐ secured | | $ | $ |
| | | ☐ unsecured<br>☐ secured | | $ | $ |

**24.  Do you or your spouse have any interest in real estate anywhere in the world?**  ☐ Yes   ☐ No
Include any real estate currently on the market or under contract.

| Name(s) on Deed | Address | Mortgage Payment | Lienholder | Mortgage Balance | Fair Market Value |
|---|---|---|---|---|---|
| | | $ | | $ | $ |
| | | $ | | $ | $ |
| | | $ | | $ | $ |

**25.  Are any of the real estate properties listed above income producing properties?**  ☐ Yes   ☐ No
If so, provide income statements and/or tax returns for the last 2 years for each rental property.

| Name(s) of Tenant | Address | Total Lease Term | Months Remaining on Lease | Monthly Rental Income |
|---|---|---|---|---|
| | | | | $ |
| | | | | $ |

**26.  Do you or your spouse own or have possession of automobiles, motorcycles, boats, aircrafts, recreational vehicles, etc.?**  ☐ Yes   ☐ No

| Year, Make, and Model | Ownership Interest | Monthly Payment | Lienholder | Lien Balance | Insurance Company |
|---|---|---|---|---|---|
| | ☐ Leased<br>☐ Purchased | $ | | $ | |
| | ☐ Leased<br>☐ Purchased | $ | | $ | |
| | ☐ Leased<br>☐ Purchased | $ | | $ | |
| | ☐ Leased<br>☐ Purchased | $ | | $ | |

**27.  Have you or your spouse given any gifts, or transferred any real or personal property (including cash) valued at over $500 within the last 3 years?**  ☐ Yes   ☐ No

| Item Description | To Whom | Date | Value |
|---|---|---|---|
| | | | $ |
| | | | $ |

**28. Do you or your spouse own any personal property (e.g. jewelry, art, furniture, gold, collection items, etc.) valued in excess of $500?  ☐ Yes   ☐ No**

| Item Description | Location of Property | Fair Market Value |
|---|---|---|
|  |  | $ |
|  |  | $ |
|  |  | $ |
|  |  | $ |
|  |  | $ |

**29. Do you or your spouse have any credit cards, charge accounts, or lines of credit?  ☐ Yes   ☐ No**

| Account | Credit Limit | Current Balance | Minimum Monthly Payment |
|---|---|---|---|
|  | $ | $ | $ |
|  | $ | $ | $ |
|  | $ | $ | $ |
|  | $ | $ | $ |
|  | $ | $ | $ |
|  | $ | $ | $ |

**30. Do you use any payment apps (e.g. Apple Pay, Zelle, PayPal, etc.)?  ☐ Yes   ☐ No**

Explain:

**31. Are you a Trustee, Executor, or Administrator?  ☐ Yes   ☐ No**

Explain:

**32. Is anyone holding any money on your behalf?  ☐ Yes   ☐ No**

Explain:

**33. Do you anticipate receiving any benefits from an established trust, or do you have a contingent or future interest in any property of any kind?  ☐ Yes   ☐ No**

Explain:

## Part C: Calculate Net Monthly Income

## Monthly Income

| | | |
|---|---|---|
| 1. | **List monthly gross wages, salary, and commissions** before all payroll deductions. *If not paid monthly, calculate what the monthly wage would be.* | 1. $ |
| 2. | **Estimate and list monthly overtime pay.** | 2. $ |
| 3. | **Calculate gross income.** Add line 1 + line 2. | 3. $ |
| 4. | **List payroll deductions:** | |
| | 4a. Tax, Medicare, and Social Security deductions | 4a. $ |
| | 4b. Contributions for retirement plans | 4b. $ |
| | 4c. Health insurance | 4c. $ |
| | 4d. Life insurance | 4d. $ |
| | 4e. Garnishment. Specify: | 4e. $ |
| | 4f. Other deduction. Specify: | 4f. $ |
| | 4g. Other deduction. Specify: | 4g. $ |
| 5. | **Add payroll deductions.** Add lines 4a through 4g. | 5. $ |
| 6. | **Calculate total monthly take-home pay.** Subtract line 5 from line 3. | 6. $ |

**Other Income:**

| | | |
|---|---|---|
| 7. | **Net income from rental property.** Attach a statement for each property showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 7. $ |
| 8. | **Net income from operating a business.** Attach a statement for each business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8. $ |
| 9. | **Interest and Dividends** | 9. $ |
| 10. | **Family support payments** (e.g. alimony, child support). Specify: | 10. $ |
| 11. | **Other government assistance** (e.g. food stamps, housing programs). Specify: | 11. $ |
| 12. | **Medicare** | 12. $ |
| 13. | **Medicaid** | 13. $ |
| 14. | **Social Security Income** | 14. $ |
| 15. | **Supplemental Security Income** | 15. $ |
| 16. | **Social Security Disability Income** | 16. $ |
| 17. | **Unemployment compensation** | 17. $ |

| | | | |
|---|---|---|---|
| 18. | **Workers' compensation** | 18. | $ |
| 19. | **Pension.** Specify: | 19. | $ |
| 20. | **Retirement.** Specify: | 20. | $ |
| 21. | **Other income.** Specify: | 21. | $ |
| 22. | **Other income.** Specify: | 22. | $ |
| 23. | **Add all other income.** Add lines 7 through 22. | 23. | $ |
| 24. | **Calculate total monthly income.** Add line 6 + line 23. | 24. | $ |

25. Do you anticipate that your average monthly income will increase or decrease by more than 10% within 1 year?

    ☐ No.

    ☐ Yes. Explain:

## Monthly Expenses

| | | | |
|---|---|---|---|
| 26. | **Mortgage or Rent** | 26. | $ |
| | *If not included in line 26:* | | |
| | 26a. Real estate taxes | 26a. | $ |
| | 26b. Property, homeowner's, or renter's insurance | 26b. | $ |
| | 26c. Home maintenance, repair, and upkeep expenses | 26c. | $ |
| | 26d. Homeowner's association or condominium dues | 26d. | $ |
| 27. | **Additional mortgage payments for residence, home equity loans** | 27. | $ |
| 28. | **Utilities:** | | |
| | 28a. Electricity, heat, natural gas | 28a. | $ |
| | 28b. Water, sewer, garbage collection | 28b. | $ |
| | 28c. Telephone, cell phone, internet, cable, streaming services | 28c. | $ |
| | 28d. Other. Specify: | 28d. | $ |
| 29. | **Groceries** | 29. | $ |
| 30. | **Housekeeping supplies** | 30. | $ |
| 31. | **Childcare and children's education costs** | 31. | $ |
| 32. | **Clothing, laundry, and dry cleaning** | 32. | $ |
| 33. | **Personal care products** | 33. | $ |
| 34. | **Medical and dental expenses** | 34. | $ |

35. **Installment or lease payments:**

    35a. Payment for Vehicle 1                 35a.   $

    35b. Payment for Vehicle 2                 35b.   $

    35c. Other. Specify:                       35c.   $

36. **Transportation.** Include gas, maintenance, or bus fare. Do not include car payment.      36.   $

37. **Entertainment, recreation, clubs, and subscriptions.** Specify:      37.   $

38. **Charitable contributions, religious donations.** Specify:      38.   $

39. **Insurance.** Do not include insurance already deducted from your wages (lines 4c and 4d), or included in lines 26 and 43.

    39a. Health Insurance                    39a.   $

    39b. Life Insurance                      39b.   $

    39c. Vehicle Insurance                   39c.   $

    39d. Other. Specify:                     39d.   $

    39e. Other. Specify:                     39e.   $

40. **Taxes.** Do not include taxes already deducted from your wages (line 4a) or included in lines 26 and 43.      40.   $

41. **Payments of alimony and child support.** Do not include payments already deducted from your wages (lines 4e through 4g).      41.   $

42. **Payments of support to others who do not live with you.** Specify:      42.   $

43. **Leasehold expenses**:

    43a. Mortgages on other property           43a.   $

      43b. Real estate taxes                  43b.   $

     43c. Property, homeowner's, or renter's insurance    43c.   $

     43d. Maintenance, repair, or upkeep expenses     43d.   $

     43e. Homeowner's association or condominium dues   43e.   $

44. **Other.** Specify:                         44.   $

45. **Other.** Specify:                         45.   $

46. **Other.** Specify:                         46.   $

47. **Calculate your monthly expenses.** Add lines 26 through 46.     47.   $

48. Explain any unusual, recurring monthly expenses you have for yourself or any dependent:

49. Do you anticipate that your average monthly expenses will increase or decrease by more than 10% within 1 year?

    ☐ No.

    ☐ Yes. Explain:

## Net Monthly Income

| | | |
|---|---|---|
| 50. | Copy your monthly income from line 24. | $ |
| 51. | Copy your monthly expenses from line 47. | $ |
| 52. | **Calculate your monthly net income.** Subtract line 51 from line 50. | $ |

## Part D: Signature Required

I declare under penalty of perjury that the information provided is true, correct, and complete. I understand that making a false statement or concealing property can result in five (5) years imprisonment and/or a fine of not more than $250,000 under 18 U.S.C. § 1001.

_____      _____

(Signature) Debtor                                                    Date

_____      _____

(Signature) Attorney for Debtor                               Date

Return to:
U.S. Attorney's Office
Attn: Financial Litigation Unit
400 North Tampa Street, Ste. 3200
Tampa, FL 33602

## Individual Declaration as to Payment of
## Special Assessment Upon Conviction

I, BILLIE HAROLD MCDUFFIE, JR., a defendant in Case No. 6:22-cr-_____, hereby acknowledge that, in accordance with 18 U.S.C. § 3013(a), upon sentencing I will owe the following amount:

**For Felony Offenses Committed before April 24, 1996:**
Felony count:        $50 x ____ counts = $_____
**For Felony Offenses Committed On or After April 24, 1996:**
Felony count:        $100 x ___ counts = $_____

**For Misdemeanors, Regardless of Date of Offense:**
Class A Misdemeanor count: $25 x ____ counts = $_____
Class B Misdemeanor count: $10 x ____ counts = $_____
Class C Misdemeanor count or infraction: $5 x ____ counts = $_____

**Total Special Assessment Due: $_____**

**Please check <u>one</u> of the following paragraphs and fill in the blanks as appropriate.**

____   I hereby tender a cashier's check, certified check or money order made payable to the Clerk, United States District Court, in the amount of $_____. Payment is for full or partial satisfaction of the special assessment imposed upon me and is being delivered to the Clerk's Office of the Orlando Division, with a copy of this document.

____   I am temporarily unable to pay the special assessment but will pay the same in full on or before the date of sentencing by tendering a cashier's check, certified check or money order made payable to the Clerk, United States District Court, in the amount of $_____ and delivering it to the Clerk of Court of the Orlando Division, with a copy of this document.

____   As reflected in the sworn financial statement submitted herewith, I am unable to pay the special assessment now and in the foreseeable future.

_____                    _____
Date                                                        BILLIE HAROLD MCDUFFIE, JR.

United States v. BILLIE HAROLD MCDUFFIE, JR.
Case No.: 6:22-cr-

<u>Acknowledgment of Plea Offer</u>

I, BILLIE HAROLD MCDUFFIE, JR., acknowledge that I have received the

Plea Agreement sent on December ___, 2022, that I have fully discussed it with my

attorney, and that I reject it.

Dated: _____

_____
BILLIE HAROLD MCDUFFIE, JR.
Defendant

_____
Karla M. Reyes
Counsel for Defendant