UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

  Plaintiff

v.                                            CASE NO.: 6:22-cr-171-WWB-EJK

BILLIE HAROLD MCDUFFIE, JR.,

  Defendant.
_____/

## POSITION OF THE DEFENDANT WITH RESPECT TO SENTENCING FACTORS AND INCORPORATED SENTENCING MEMORANDUM

COMES NOW, the Defendant BILLIE HAROLD MCDUFFIE, JR., pursuant to 18 U.S.C. § 3553(a), hereby files this Position with Respect to Sentencing Factors and Sentencing Memorandum in which he respectfully requests this Honorable Court to exercise its discretion and impose a sentence below that suggested by the advisory Sentencing Guidelines.

Defendant adopts the Presentence Report and there are no unresolved or disputed matters.

## INTRODUCTION

Mr. McDuffie acknowledged that he freely and voluntarily entered into a plea because he was in fact guilty. When considering all the factors of the offense, his

1

acknowledgment of responsibility, his cooperation with law enforcement at time of arrest, the fact that the minor in this case concealed her age from Mr. McDuffie initially when their relationship began, his mental health issues from an early age, his remorsefulness, and any other considerations referenced herein, we respectfully request that this Court impose a sentence below the guidelines.

Such a sentence is one that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing as required by 18 U.S.C. § 3553(a). *See Kimbrough v. United States*, 552, U.S. 85, 101 (2007). Under the facts and circumstances of this case, a lower sentence would satisfy the statutory goals of sentencing and would constitute a sentence that reasonably provides just punishment, protects the public, promotes respect for the law, affords adequate deterrence and promotes rehabilitation as required by 18 U.S.C. § 3553(a)(2).

This memorandum:

(1)  addresses the factors set out in 18 U.S.C. § 3553(a), which the Court must consider in determining the sentence to impose; and

**(2)**  details the mitigating factors for Mr. McDuffie in this offense.

I.   ***BOOKER* AND 18 U.S.C. § 3553(A)**

The decision of the United States Supreme Court in *Booker* has rendered the United States Sentencing Guidelines "effectively advisory." *U.S. v. Booker*, 125 S. Ct. 738, 759-67 (2005). Pursuant to *Booker,* sentencing courts are required to

consider a Defendant's guideline range, but may "tailor the sentence in light of other statutory concerns as well." *Id.* at 767 *(citing* 18 U.S.C. § 3553 (a)).

As a result of *Booker* federal district courts must consider the seven factors set forth by 18 U.S.C. § 3553 (a) in determining a sentence:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed -

   (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B)  to afford adequate deterrence to criminal conduct;

   (C)  to protect the public from further crimes of the defendant; and

   (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)  the kinds of sentences available;

(4)  [the applicable Sentencing Guidelines];

(5)  any pertinent [Sentencing Guidelines] policy statement;

(6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)  the need to provide restitution to any victim of the offense.

Moreover, § 3553(a) and the 'parsimony provision' mandate that the district

court "impose a sentence sufficient but not greater than necessary," to comply with the purposes of sentencing set forth in § 3553(a)(2). Sufficiency of a sentence rather than excessiveness is echoed in 18 U.S.C. § 3582, which recognizes that "imprisonment is not an appropriate means of promoting correction and rehabilitation."

II.     APPLYING THE FACTORS CONTAINED IN 18 U.S.C. § 3553(a)

   A.    The Nature and Circumstances of the Offense
   <u>*Circumstances of the Offense*</u>

Mr. McDuffie entered a plea to Counts 1-6 of the Superseding indictment. The guideline range is 262 months to 327 months imprisonment. Count 1 has a 10 year minimum mandatory and Count 4-6 have a 2 year minimum mandatory, that can be concurrent, but consecutive to any other counts.

<u>**Cooperation with Law Enforcement**</u>

Although cooperation with law enforcement is not a specific factor, the Defense wants to make sure that the Court realizes that Mr. McDuffie was cooperative with law enforcement when they arrested him and gave a full post Miranda confession on the scene.

<u>*History and Characteristics of the Defendant*</u>

4

### a. *The minor victim concealed her age initially.*

While Mr. McDuffie is not trying to minimize his behavior, I think it's important for the Court to factor in that Mr. Mcduffie did not go into this relationship with the intent to have sex with a minor, quite the contrary. They met on a dating app where she held herself out to be 19, Mr. McDuffie has no reason to believe she was younger. She was staying with Mr. McDuffie for about a month when he found out her true age. He was initially upset and stopped talking to her, but then took her back and continued the relationship since he had already at this point grown feeling for her.

### b. *Mental Health issues, substance abuse and rough childhood.*

Mr. McDuffie lost both of his parents at an early age. He reported a good childhood at an early age until his mother started abusing crack cocaine in the late 90's. He saw how the drugs tore his family apart and he found his mother dead at 21 years old from what he believes was an overdose or the effects of the drugs. His father having died a year prior, Mr. McDuffie had nowhere to live and became homeless.

Mr. McDuffie starting using drugs at an early age and continued up until his arrest.

Mr. McDuffie never went to therapy or treatment over this trauma and would

greatly benefit from mental health treatment and substance abuse treatment as well.

### c. Low Risk of Recidivism.

Mr. McDuffie had a forensic psychological evaluation by Valerie McClain, who based on speaking with him and the review of the case found that he is a low risk of re-offense but would greatly benefit from mental health and drug treatment (RDAP). See (Exhibit "A")

**The Need for the Sentence Imposed**

Section 3553(a)(2) lists the four purposes of sentencing, which can be summarized as: just punishment, deterrence, protection of the public, and rehabilitation.

### a. Just Punishment

The advisory guidelines "do not require a judge to leave compassion and common sense at the door to the courtroom." *See United States* v. *Johnson,* 964 F.2d 124,125 (2nd Cir. 1992).

### b. Deterrence

### c. Protection of the Public

Mr. McDuffie certainly understands how dangerous it is to have sexual

6

relations with a minor, but this is a situation where he did not know for a period of time and didn't go into this with any criminal or malicious intent and should not be considered a danger to the community.

### C. The Kinds of Sentences Available

Pursuant to *Booker*, this Honorable Court has significant discretion in fashioning a sentence that is "reasonable" based on § 3553(a), including incarceration and supervised release. In the instant case, a guidelines prison sentence would contravene 18 U.S.C. § 3553(a) and the 'Parsimony Provision' which proscribes the imposition of a sentence that is greater than necessary to achieve the statutory goals as set forth above.

### a. The Sentencing Guidelines and Guideline Policy Statements[1]

The PSR concludes that Mr McDuffies' total offense level is 37. Consequently, the corresponding Guidelines range for a level 262-327 is months incarceration in the Bureau of Prisons.

These calculations do not consider the factors for variances that I have outlines in this memo.

---

[1] Pursuant to *Booker*, "District courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Booker,* 125 S. Ct. 759-67.

### b. Need to Avoid Unwarranted Sentence Disparities Among Defendants

This is not your typical case where they go into the crime knowing the age. Mr. McDuffie is an unusual case and should be treated as such, which is why I do not believe a guideline sentence is appropriate based on the facts and circumstances of this case.

### c. The Need to Provide Restitution to any Victim of the Offense

Mr. McDuffie has no issue with restitution to make every victim whole.

### III. CONCLUSION

For the reasons stated herein, and those presented at the sentencing hearing, Mr. McDuffie respectfully requests that this Honorable Court exercise its discretion and impose a downward variance. Mr. McDuffie should get a variance for based on the factor's identified in this memo. Mr. McDuffie requests that he be given a sentence that is reasonable but not greater than necessary and accounts for the strong possibility that he can contribute to society in a crime-free manner. Mr. McDuffie requests a sentence of 12 years imprisonment, followed by a term of supervised release.

Respectfully Submitted,

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court (CM/ECF) on this 18th day of September, 2023 by using the CM/ECF system, which will send a Notice of Electronic Filing to the Assistant United States Attorney.

*/s/* Corey Cohen, Esq.
Law Office of Corey Cohen & Associates
Florida Bar No. 0657840
21 Park Lake Street
Orlando, FL 32803
corey@coreycohen.com
407-246-0066